BALTUS T. VAN SLYKE, Respondent, *v.* JOHN C. VAN LOAN and Others, Appellants, Impleaded with JEDEDIAH R. BALDWIN and Others, Respondents.

*Sale of parcels of land covered by a mortgage — order in which they must be sold upon a foreclosure thereof — rights of joint obligors to contribution.*

After the execution of the mortgage, to foreclose which this action was brought, a portion of the premises covered thereby, called A, was sold to one Gage; thereafter another portion thereof, called B, was sold to Eliza Baldwin; thereafter the residue of the premises, called C, was sold to Eliza Baldwin and Cornelia Baldwin. Eliza and Cornelia subsequently gave a mortgage to Van Loan upon C.

*Held*, that according to the equitable principles applicable to the case, the undivided half of Cornelia in part C should be first sold; then piece B; then the undivided half of Eliza in piece C, and finally piece A.

That as it would be a sacrifice of the property to sell undivided interests in it, the whole of pieces B and C should be first sold, and one-half of the avails of

C first applied upon the plaintiff's mortgage ; then the avails of part B, and lastly the avails of the other half of piece C.

That any surplus should be paid into court, and that upon the distribution thereof the rights of Eliza and Cornelia as to contribution between each other might be determined.

APPEAL from portions of a judgment, entered in an action for the foreclosure of a mortgage owned by the plaintiff.

The questions brought up for review are, first, the order of sale of the several parcels of the mortgaged premises, and, secondly, the amount of additional allowance that can be awarded to the plaintiff in this action under section 3253 of the Code of Civil Procedure.

The plaintiff's mortgage was made and executed on the 22d day of July, 1858, by Jedediah R. Baldwin, and Henry S. Baldwin, and their wives, who at that time were the owners of the mortgaged premises, to secure the payment of $4,465. Subsequent to the execution of plaintiff's mortgage, and on the 6th day of October, 1863, the defendants Baldwins conveyed one parcel of said mortgaged premises to Mary Gage, who thereafter conveyed it to the defendant Mary Weeks. On the 25th day of July, 1876, the defendants Jedediah R. Baldwin and Henry S. Baldwin and their wives conveyed by deed a second piece of the mortgaged premises to Joel Nelson, and on the same day said Nelson reconveyed the said premises to the defendant Eliza A. Baldwin, wife of the defendant Henry S. Baldwin. On the 10th day of April, 1877, the said defendants Jedediah R. Baldwin and Henry S. Baldwin conveyed the remaining parcel of the mortgaged premises to Joel Nelson, and on the same day Joel Nelson conveyed the same to the defendants Cornelia A. Baldwin and Eliza A. Baldwin, wives of the defendants Jedediah R. Baldwin and Henry S. Baldwin.

January 14, 1878, the defendants Eliza A. Baldwin and Cornelia A. Baldwin executed a mortgage on the last mentioned piece of property to Jedediah R. Baldwin, as general guardian of John C. Van Loan and Louis Van Loan, infants and defendants, to secure the payment of $6,000 ; and they also executed their bond to accompany said mortgage, conditioned for the payment of $6,000 with interest. The court at Special Term ordered that the premises which had been mortgaged by Eliza A. Baldwin and Cornelia A. Baldwin to Jedediah R. Baldwin, as general guardian, on the 14th

day of January, 1878, should be sold prior to the sale of the premises which had been conveyed by J. R. and H. S. Baldwin to Joel Nelson on the 25th day of July, 1876, and on the same day conveyed by Joel Nelson to Eliza A. Baldwin. The court ordered that the plaintiff have an extra allowance of five per cent on the amount reported due by the referee.

*John Sanderson*, for the appellants.

*Andrew Vanderzee*, for the respondent Van Slyke.

*John M. Harris* and *N. C. Moak*, for the respondents Jedediah R., Cornelia A. and Eliza A. Baldwin.

LEARNED, P. J.:

After the execution of the mortgage a piece of the premises, which for convenience we will designate as A, was conveyed to Mary. Subsequently to that conveyance another piece, which we will designate as B, was conveyed to Eliza Baldwin. And after that second conveyance a third piece (supposed to be the residue), and which we will designate as C, was conveyed to Eliza Baldwin and Cornelia Baldwin. It is not disputed that on this foreclosure sale the piece A is in any case to be sold last.

If nothing more had taken place than is above stated it is plain that C would be sold first and B second. But after the last named conveyance Eliza and Cornelia gave their bond charging their separate property to Van Loan, and secured it by a mortgage executed by both of them upon piece C. The bond and mortgage are now held by ———.

If the conveyance of piece C had been to Eliza alone, and if she had given her bond and mortgage thereon to Van Loan, then the case would be plainly one where the plaintiff held security on two pieces of property, B and C, and Van Loan only on one, C, and both the pieces of property belonged to the same person, Eliza, therefore on the familiar principle the plaintiff would have to enforce his debt first out of B, leaving C, if possible, for Van Loan.

If, on the contrary, the conveyance of C had been to Cornelia alone, and she alone had given a bond and mortgage thereon, then that principle would not apply; because the two pieces of property

would not belong to the same person, but one would belong to Eliza and the other to Cornelia. Unless some other equity appeared, therefore, the principle would not apply. And in this case the equity would be (on the facts as they appeared) that which arises from the rule of the inverse order of alienation.

Now, in the present case Eliza and Cornelia have separate estates, though undivided, in the land. Their rights and equities are just the same as to these undivided estates as they would be in respect to divided estates. Let us suppose, then, that instead of a conveyance of piece C to Eliza and Cornelia, there had been made simultaneously a conveyance of a piece D to Eliza and a piece E to Cornelia, the two pieces D and E together making the residue C, and then that Eliza and Cornelia had mortgaged D and E to Van Loan as in the present case. Then, as above stated, the equity would be that piece E belonging to Cornelia should be sold before piece B, and that piece B should be sold before piece D. That is to say, the principle of marshalling assets for the benefit of Van Loan would require that B should be sold before D, while Cornelia's liability under the rule of the inverse order would require her piece E to be sold before B.

That same principle applies in the present case, where the rights of Eliza and Cornelia are undivided interests in piece C, just as it would apply if the rights of Eliza and Cornelia were in divided pieces of land. So that according to equity the undivided half of Cornelia in piece C should be sold first ; then piece B ; then the undivided half of Eliza in piece C, and lastly piece A.

But it would be a sacrifice of property to sell undivided parts of it where the whole can be sold. And therefore the equity above declared must be worked out by the application of the proceeds of the sale. Both pieces of property, B and C, must be sold, and the order of sale is therefore immaterial, and the application of the avails must be as follows : One-half of the avails of C must be first applied to plaintiff's mortgage and costs, as representing Cornelia's share. Next, the avails of B must be so applied, and lastly the other half of the avails of piece C, representing Eliza's share. Any surplus after the plaintiff's mortgage and costs have been paid must be brought into court for the parties entitled thereto, according to the rights above declared.

As Eliza and Cornelia are jointly liable on the bond to Van Loan, some question may arise between them as to their respective rights by the way of contribution. It may result that the property of one will have paid more than her share of the Van Loan mortgage. Those rights we cannot settle at this time. Possibly they may be adjusted on the distribution of the surplus, but even that we cannot now say. On the question of the allowance of five per cent, a majority of the court are in favor of affirmance.

The judgment will be modified in accordance with this opinion, and as modified affirmed, without costs to either party.

Present — LEARNED, P. J., RUMSEY and OSBORN, JJ.

Judgment modified in accordance with opinion, and as modified affirmed, without costs to either party.